UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARIANA PRIEGO ARCE and GERMAN URGILES,
individually and on behalf of all others similarly situated,

                              Plaintiffs,

     -against-

MALU 2008 CORP. d/b/a IL POETA RISTORANTE
ITALIANO, and MARIO DI CHIARA, as an individual,

                             Defendants,
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiffs, **MARIANA PRIEGO ARCE and GERMAN URGILES**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, **MARIANA PRIEGO ARCE and GERMAN URGILES**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO and MARIO DI CHIARA, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants at **MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO,** located at 98-04 Metropolitan Ave, Forest Hills, NY 11375-6628.

2. Plaintiff **MARIANA PRIEGO ARCE** complains pursuant to the New York State Human Rights Law, New York State Executive Law §§ 296 *et seq*. ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-502(a) *et seq*. ("NYCHRL") and seeks damages to redress the injuries that Plaintiff has suffered as a result of being discriminated against due to her disability and ultimately being terminated on the basis of her disability.

1

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff MARIANA PRIEGO ARCE residing in Corona, NY 11368 was employed by Defendants from in or around March 2021 until in or around December 2021.

9. Plaintiff GERMAN URGILES residing in Corona, NY 11368 was employed by Defendants from in or around November 2011 until in or around January 2022.

10. Defendant, MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO, is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 98-04 Metropolitan Ave, Forest Hills, NY 11375-6628.

11. Defendant, MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO, is a corporation duly authorized to do business under the laws of the State of New York.

12. Defendant MARIO DI CHIARA is the owner of MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO located at 98-04 Metropolitan Ave, Forest Hills, NY 11375-6628.

13. Upon information and belief, MARIO DI CHIARA is an agent of MALU 2008 CORP. MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO.

14. MARIO DI CHIARA is responsible for overseeing all daily operations of the Defendant's business at MALU 2008 CORP. MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO.

15. MARIO DI CHIARA has power and authority over all the final personnel decisions of MALU 2008 CORP. MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO.

16. MARIO DI CHIARA has the power and authority over all final payroll decisions of MALU 2008 CORP. MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO, including the Plaintiffs.

17. MARIO DICHIARA has the exclusive final power to hire the employees of MALU 2008 CORP. MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO, including the Plaintiffs.

18. MARIO DI CHIARA has exclusive final power over the firing and terminating of the employees of MALU 2008 CORP. MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO, including Plaintiffs.

19. MARIO DI CHIARA is responsible for determining, establishing, and paying the wages of all employees of MALU 2008 CORP. MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

20. Accordingly, at all relevant times hereto, Defendant MARIO DI CHIARA was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

21. At all times relevant to the allegations contained in the complaint, MARIO DI CHIARA was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that MALU 2008 CORP. MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO, (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

22. At the time of the filing of this complaint, the relevant statutory period pursuant to the NYLL and FLSA is from in or around March 2016 through the present ("Relevant Statutory Period").

## FACTUAL ALLEGATIONS
### MARIANA PRIEGO ARCE
#### a. FLSA and NYLL Claims

23. Plaintiff MARIANA PRIEGO ARCE was employed by Defendants MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO, as a cleaner and busser while also performing related miscellaneous duties for the Defendants, from in or around March 2021 until in or around December 2021.

24. Plaintiff alleges she worked five (5) days per week with the exclusion of Mondays and Wednesdays during her employment at MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO.

25. Plaintiff regularly worked a schedule of shifts beginning at 4:00 pm and regularly ended at approximately 11:00 pm, twice per week.

26. Plaintiff regularly worked a schedule of shifts beginning at 4:00 pm and regularly ended at approximately 12:00 am, twice per week.

27. During Sundays, Plaintiff regularly worked a schedule of shifts beginning at 11:00 am and regularly ended at approximately 12:00 am.

28. Thus, Plaintiff was regularly required to work forty-three (43) hours, or more hours, each week during her employment by the Defendants from in or around March 2021 until in or around December 2021.

29. During Plaintiff MARIANA PRIEGO ARCE's employment, Plaintiff was paid by Defendants a flat hourly rate of approximately $10.00 per hour.

30. Defendants failed to pay Plaintiff MARIANA PRIEGO ARCE the legally prescribed minimum wage for her hours worked from in or around March 2021 until in or around December 2021, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

31. Although Plaintiff MARIANA PRIEGO ARCE worked approximately forty-three (43) hours or more per week during her employment by Defendants from in or around March 2021 until in or around December 2021, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

32. Furthermore, Plaintiff MARIANA PRIEGO ARCE worked approximately thirteen (13) or more hours once a week from in or around March 2021 until in or around December 2021, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

### b. Claims under NYSHRL and NYCHRL

33. In or around November 2021, Plaintiff MARIANA PRIEGO ARCE learned that she needed surgery on her arm pursuant to her doctor's advisement and MRI results.

34. After learning of her need for surgery, Plaintiff MARIANA PRIEGO ARCE approached Defendant MARIO DI CHIARA to request two (2) weeks off from work in order to recover after her surgery.

35. Thus, Plaintiff MARIANA PRIEGO ARCE was requesting a reasonable accommodation in the form of time off to care for her disability.

36. Defendant MARIO DI CHIARA expressed uncertainty and ultimately told Plaintiff MARIANA PRIEGO ARCE he could not guarantee her job security because two (2) weeks was too long of a period of time and he needed the help in the restaurant.

37. On November 8, 2021, Plaintiff MARIANA PRIEGO ARCE's surgery was postponed to November 19, 2021 as her doctor requested that she get a few more tests done on her arm before the surgery.

38. Plaintiff MARIANA PRIEGO ARCE immediately informed Defendant MARIO DI CHIARA of the postponement and continued to work until November 18, 2021.

39. On November 18, 2021, Plaintiff MARIANA PRIEGO ARCE met with a female employee, whose name Plaintiff does not recover, in order to train her to complete Plaintiff's employment duties while Plaintiff was recovering from her surgery.

40. Plaintiff MARIANA PRIEGO ARCE was assured by that the female employee would relinquish the job back to Plaintiff at the end of the two (2) week period.

41. On November 19, 2021, Plaintiff MARIANA PRIEGO ARCE had surgery on her arm.

42. On November 24, 2021, Plaintiff MARIANA PRIEGO ARCE received a call from Defendant MARIO DI CHIARA asking how she was feeling after her surgery and the two discussed when Plaintiff could return to Defendants' restaurant to receive her last paycheck for work performed prior to her surgery.

43. On November 26, 2021, Plaintiff MARIANA PRIEGO ARCE visited Defendants' restaurant to pick up her paycheck.

44. While at the restaurant, Plaintiff MARIANA PRIEGO ARCE spoke to Defendant MARIO DICHARA and informed his that she expected to have her stitches removed on Saturday and would be able to return to work shortly after, provided that she was given an accommodation as to not be required to lift heavy items.

45. Plaintiff MARIANA PRIEGO ARCE's accommodation request was entirely reasonable for the work she performed as a server.

46. On December 4, 2021, Plaintiff MARIANA PRIEGO ARCE had her stitches removed in the morning.

47. Immediately following Plaintiff MARIANA PRIEGO ARCE's appointment, Plaintiff texted Defendant MARIO DICHARA to let him know that she was able to return to work, but he did not respond.

48. Plaintiff MARIANA PRIEGO ARCE then called Defendant MARIO DICHARA to follow up on her text message to him but was unable to reach him until much later in the day.

49. When Plaintiff MARIANA PRIEGO ARCE and Defendant MARIO DICHARA spoke, Plaintiff excitedly announced that she was able to return to work as soon as possible and asked when she could be scheduled to work next.

50. Defendant MARIO DI CHIARA told Plaintiff MARIANA PRIEGO ARCE that he already had someone working in her position and that he had previously warned her that he could not guarantee her position when they spoke prior to Plaintiff's surgery.

51. Plaintiff MARIANA PRIEGO ARCE reminded Defendant MARIO DICHARA that she was still within the two (2) weeks she requested of leave, but Defendant MARIO DICHARA apologized and hung up the phone on Plaintiff.
52. Plaintiff MARIANA PRIEGO ARCE repeatedly attempted to provide Defendant MARIO DICHARA with doctor's notes excusing her absence, but Defendant MARIO DICHARA always refused to accept the letters.
53. Shortly after a claim letter regarding these allegations was sent to Defendants, Plaintiff MARIANA PRIEGO ARCE began to receive phone calls from Defendant MARIO DICHARA, but Plaintiff did not answer the phone.
54. On February 5, 2022, Plaintiff MARIANA PRIEGO ARCE received a call from Defendant MARIO DICHARA from an unrecognized phone number, and quickly hung up the phone once she realized he was the one calling her.
55. At around 2:29 pm that same day, Defendant MARIO DICHARA left a threatening voicemail on Plaintiff MARIANA PRIEGO ARCE's cell phone, urging her not to pursue her claims.
56. Prior to Plaintiff MARIANA PRIEGO ARCE's termination, Plaintiff never received a negative performance review or verbal or written reprimand for her work performed nor did Defendants ever indicate to Plaintiff that her job was in jeopardy for any reason other than her disability accommodation request.
57. It is clear from the temporal proximity of Plaintiff MARIANA PRIEGO ARCE's request for an accommodation and her termination that the reason to terminate Plaintiff was discriminatory.
58. Defendants did not engage, and have not engaged, Plaintiff MARIANA PRIEGO ARCE in any meaningful discussion regarding possible alternative reasonable accommodations for Plaintiff or offer any reasonable alternatives to her working arrangement that would enable Plaintiff to continue her employment.
59. Rather than engaging in a meaningful interactive process, Defendants terminated Plaintiff MARIANA PRIEGO ARCE.
60. Plaintiff MARIANA PRIEGO ARCE has been unlawfully discriminated against on the basis of her actual and/or perceived disabilities and for requesting an accommodation (for time off to care for her surgery/disability).

61. Defendants acted intentionally and intended to harm Plaintiff MARIANA PRIEGO ARCE.
62. Defendants treated Plaintiff MARIANA PRIEGO ARCE this way solely due to her disability, whether actual and/or perceived and for requesting an accommodation.
63. Defendant retaliated against Plaintiff MARIANA PRIEGO ARCE solely because she requested a reasonable accommodation for her disability and necessary surgery.
64. As a result of the acts and conduct complained of herein, Plaintiff MARIANA PRIEGO ARCE has suffered a loss of employment, income, other compensation which such employment entails, special damages, and great inconvenience.
65. Plaintiff MARIANA PRIEGO ARCE has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.
66. Defendants unlawfully discriminated against, retaliated against, humiliated, degraded, and belittled Plaintiff MARIANA PRIEGO ARCE.
67. Plaintiffs MARIANA PRIEGO ARCE felt offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.
68. Defendants conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.
69. As such, Plaintiff MARIANA PRIEGO ARCE demands punitive damages as against Defendants, jointly and severally.

## **GERMAN URGILES**
### a. FLSA and NYLL Claims

33. Plaintiff GERMAN URGILES was employed by Defendants MALU 2008 CORP., as a cook while also performing related miscellaneous duties for the Defendants, from in or around November 2011 until in or around January 22, 2022.
34. During the relevant statutory period, Plaintiff alleges he regularly worked five (5) days per week.
35. Plaintiff regularly worked a schedule of shifts beginning at 12:00 p.m. until 10:00 p.m.

36. Thus, Plaintiff was regularly required to work fifty (50) hours, or more hours, each week during his employment by the Defendants from in or around March 2016 until in or around March 2020.

37. Later, following the Covid-19 pandemic, Plaintiff was regularly worked a schedule of approximately four (4) shifts beginning at 12:00 p.m. each workday from in or around April 2020 until in or around January 22, 2022.

38. During this period, Plaintiff regularly worked until approximately 10:00 p.m., or later from in or around April 2020 until in or around January 22, 2022.

39. Thus, during the relevant statutory period, plaintiff was regularly required to work forty (40) hours, or more hours, each week during his employment by the defendants from in or around April 2020 until in or around January 22, 2022.

40. During the relevant statutory period, Plaintiff GERMAN URGILES was paid by Defendants a flat hourly rate of approximately $15.00 per hour without regard for the number of hours worked.

41. Although Plaintiff regularly worked approximately fifty (50) hours or more per week from in or around March 2016 until or around March 2020, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**DEFENDANTS' OTHER VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS**

42. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

43. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

44. Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

45. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding

9

$100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

47. Collective Class: All persons who are or have been employed by the Defendants as cleaners, bussers, cooks or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

48. Upon information and belief, Defendants employed approximately 8 to 10 employees during the relevant statutory period who Defendants subject(ed) to similar payment structures that violate applicable law.

49. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

50. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

51. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

52. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

53. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those

similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

54. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

55. The claims of Plaintiffs are typical of the claims of the whole putative class.

56. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

57. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

58. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

59. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

60. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

61. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

62. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

63. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

64. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

65. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

66. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

67. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

68. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

69. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

70. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

71. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

72. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

73. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.
74. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.
75. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.
76. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

77. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.
78. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.
79. At all times relevant to this action, Defendants were employers within the meaning of NYLL.
80. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.
81. Defendants also failed to pay Plaintiff the required minimum wage, which Plaintiff were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.
82. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

83. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

84. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

85. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

86. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

87. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiff's primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

88. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

89. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

90. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3)

91. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

**Violation of the Requirements of the New York State Executive Law**

70. Plaintiff MARIANA PRIEGO ARCE repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. The New York State Executive Law § 296(1)(a) provides in pertinent part:
*It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, __disability__, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.*

72. Defendants violated this section as set forth herein.

## NINTH CAUSE OF ACTION

**Violation of the Requirements of the New York State Executive Law**

73. Plaintiff MARIANA PRIEGO ARCE repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

74. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

75. Defendant violated this section as set forth herein.

## TENTH CAUSE OF ACTION

### Violation of the Requirements of the New York City Administrative Code

76. Plaintiff MARIANA PRIEGO ARCE repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77. The New York City Administrative Code §8-107(1) provides:
*It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.*

78. Defendant violated this section as set forth herein.

## ELEVENTH CAUSE OF ACTION

### Violation of the Requirements of the New York City Administrative Code

79. Plaintiff MARIANA PRIEGO ARCE repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

81. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff MARIANA PRIEGO ARCE because of Plaintiff's opposition to the unlawful employment practices of the Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

A. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations; Declaring that Defendant engaged in unlawful employment practices prohibited by the NYSHRL, and NYCHRL, in that Defendant discriminated and retaliated against Plaintiff on the basis of his actual and/or perceived disability and requesting an accommodation.

B. Awarding damages to Plaintiff MARIANA PRIEGO ARCE for all lost wages and benefits resulting from Defendant' unlawful discrimination and retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff MARIANA PRIEGO ARCE compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiffs' unpaid overtime wages;

F. Awarding Plaintiffs unpaid minimum wages;

G. Awarding Plaintiffs spread of hours compensation;

H. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

I. Awarding Plaintiffs prejudgment and post-judgment interest;

J. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:  March 16, 2022
        Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIANA PRIEGO ARCE and GERMAN URGILES, individually and on behalf of all others similarly situated,

                              Plaintiffs,

      -against-

MALU 2008 CORP. d/b/a IL POETA RISTORANTE ITALIANO, and MARIO DI CHIARA, as an individual,

                              Defendants,

        ,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To: service via mailing;

**MALU 2008 CORP.**
**d/b/a IL POETA RISTORANTE ITALIANO**
98-04 Metropolitan Ave
Forest Hills, NY 11375-6628

**MARIO DI CHIARA**
98-04 Metropolitan Ave
Forest Hills, NY 11375-6628